UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                             Case No. 8:97-cr-13-KKM

MATTHEW A. PICKETT

_____

## ORDER

Matthew Pickett, who the Honorable Henry Lee Adams, Jr., sentenced in 1997, requests termination of restitution and the return of payments he has made since 2014 towards restitution. (Doc. 51.) At the time of sentencing, the judgment imposed restitution in the amount of $4,329 and a special assessment fee of $100. (Doc. 32 at 4.) Pickett began making payments on this restitution in 2015 after he started serving a sentence for an unrelated charge in a different district. (Doc. 51 at 7.) The government opposes Pickett's request, arguing it is moot because Pickett's 1997 restitution debt expired on August 13, 2021, and his special assessment fee from this district expired in 2002. (Doc. 58 at 1.) For the reasons cited in the government's response and further explained below, the Court denies Pickett's request.

"The liability to pay restitution shall terminate on the date that is the later of 20

years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." 18 U.S.C. § 3613(b). Additionally, "[t]he obligation to pay an assessment ceases five years after the date of judgment." 18 U.S.C. § 3013(c). The Court entered judgment against Picket on July 28, 1997, and Pickett was released from Bureau of Prisons custody on October 13, 2000. (Doc. 51 at 5.) Pickett served an additional 10 months for violation of supervised release beginning in December 2001. (*Id.* at 4.)

Applying § 3613(b) here, Pickett's restitution obligations terminated on August 13, 2021 (20 years plus an additional 10-month sentence). Although Pickett contends that he has been "forced to pay quarterly payments since 2014," the government's response and BOP records show that Pickett paid a total of $530 in restitution between 2015 and 2020. (Doc. 58 at 2; Doc. 51 at 7.) Neither the government nor Pickett contend that Pickett made any payments after October 9, 2020. Thus, whether his restitution terminated on October 13, 2020, or on August 13, 2021, it has now clearly expired, and Pickett is not entitled to the return of any payments because he made no payments after the expiration date.

Applying § 3013(c) here, Pickett's obligation to pay his special assessment fee expired on July 28, 2002. BOP records indicate that Pickett paid $75 toward the special assessment between 1999 and 2000. (Doc. 51 at 8.) Pickett does not contend that he made any payments on the fee after 2000. (*See id.*) Thus, Pickett is not entitled to the return of

any payments on his special assessment fee because he made no payments after the expiration date.

Therefore, Pickett's request to terminate restitution and return payments made since 2014, (Doc. 51), is **DENIED**.

**ORDERED** in Tampa, Florida, on December 22, 2022.

Kathryn Kimball Mizelle
United States District Judge